IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEC DEVON KREIDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILHAVEN ADOLESCENT INPATIENT TREATMENT CENTER, PHILIP HESS, NANCY LAUDERMILCH, FRANCIS SPARROW and RICHARD KOCHER | : | NO. 13-7242 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                     **April 9, 2014**

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, plaintiff Alec Devon Kreider contends that the defendants violated his Fourth and Fourteenth Amendment rights, and the Pennsylvania "[M]ental and Disability Health Act" when they released his confidential mental health information to the Manheim Township Police Department without his consent. The defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). They contend that the action is time-barred and they are not "state actors" for purposes of § 1983.

We conclude that the action is barred by the statute of limitations. Accordingly, we shall dismiss Kreider's complaint.

The allegations in the complaint relate to events that occurred over six years ago. On June 6, 2007, after threatening to commit suicide with a handgun, Kreider, who was sixteen years old, was involuntarily committed to Philhaven Adolescent Inpatient Treatment Center ('Philhaven").[1] While at Philhaven, he was provided with a

---

[1] Compl. at 3.

"confidential therapeutic journal" to record his thoughts and feelings to assist the doctors in his diagnosis and treatment.[2]  On June 9, 2007, defendant Nancy Laudermilch, Kreider's psychotherapist, reviewed the journal and "interrogated" him about its contents.[3]  Two days later, she "strongly advised [him] to devulge [sic] the contents" of the journal.[4]  On June 12, 2007, after a family therapy session, Laudermilch advised Kreider's parents that they had twenty-four hours to report the contents of the session to the police or she would be forced to report it herself.[5]  After the session, the defendants released Kreider's journals and other confidential recordings "to members of the public."[6]  On June 15, 2007, they "confiscated the remainder of [his] personal effects and papers and gave [them] to members of the public i.e. Manheim Township Police Department."[7]  Finally, defendant Richard Kocher, "with the consent of [defendants] Phillip Hess and Francis Sparrow," informed the Manheim Police Department that the journals were not confidential materials under Pennsylvania's "Mental and Disabilities Health Act."[8]

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3-3a [3a is a page attached to page 3, indicating that it is a continuation of page 3].

[7] *Id.* at 3a.

[8] *Id.*

## Analysis

Because the cause of action arose in this state, Pennsylvania's statute of limitations governing personal injury claims applies to this civil rights action. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The Pennsylvania statute of limitations on a personal injury action is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524; *Kach*, 589 F.3d at 634. Thus, in this case, the applicable statute of limitations is two years.

The statute of limitations begins to run "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). Hence, we must determine when Kreider's causes of action[9] accrued for purposes of applying the statute of limitations.

According to the complaint, the journals and other confidential recordings were turned over to the authorities on or about June 15, 2007.[10] Kreider was arrested the

---

[9] Compl. at 2a ("[The defendants] acting under the color of State law did unlawfully seize Plaintiff's papers and effects thereby depriving Plaintiff his rights, privileges and immunities secured by the laws and constitution of the United States in violation of his 14th and 4th Amendment rights and the mental and Disability Health Act . . . .").

Kreider's claim is more properly characterized as a Fourteenth Amendment violation of his substantive due process rights. The Fourteenth Amendment's concept of personal liberty includes protection of limited zones of privacy. *See Whalen v. Roe*, 429 U.S. 589, 598-99 n.23 (1977); *Roe v. Wade*, 410 U.S. 113, 153 (1973). The protection of privacy extends to two types of interests: "the individual interest in avoiding disclosure of personal matters" and "the interest in independence in making certain kinds of important decisions." *Whalen*, 429 U.S. at 599-600. The Third Circuit has long held that medical records are protected from disclosure by the first of these interests, the confidentiality branch of the right to privacy. *See Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 206 (3d Cir. 1991); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577-78 (3d Cir. 1980); *cf. Fraternal Order of Police, Lodge No. 5 v. City of Phila.*, 812 F.2d 105, 112-13 (3d Cir. 1987) (police application seeking medical information implicates right to privacy). Kreider's constitutional rights were implicated in defendants' disclosure of the contents of his journal recorded during the course of his treatment.

[10] Compl. at 3a.

following day and charged with three counts of murder and related charges.[11]  He pled guilty on June 17, 2008.  Thus, the cause of action accrued as early as June 15, 2007 or no later than June 17, 2008.

In the case of a minor, the statute of limitations is tolled and does not begin to run until the plaintiff reaches eighteen years of age.  *See* 42 Pa. Cons. Stat. Ann. § 5533(b)(1).[12]  Although Kreider's cause of action accrued at the latest in 2008, the statute of limitations did not start running until February 4, 2009, his eighteenth birthday,[13] and expired on February 4, 2011.  Kreider did not file his complaint until December 9, 2013.  Therefore, he did not commence this action within the statute of limitations.

Kreider argues that it was not until October 22, 2013, that he learned of the "legal implications of the [d]efendants] release of written mental health records to Manheim

---

[11] We take judicial notice of the Lancaster County Court of Common Pleas criminal docket sheet, CP-36-CR-0003446-2007.  The Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The criminal docket in Kreider's criminal homicide case is a public record of which a court can take judicial notice.  *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008) (taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (stating that a court "may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

[12] 42 Pa. Cons. Stat. Ann. § 5533(b)(1) states as follows:

If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced.  Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter . . . .  As used in this paragraph, the term "minor" shall mean any individual who has not yet attained 18 years of age.

[13] Taking judicial notice of the Lancaster County Court of Common Pleas criminal docket, Kreider was born on February 4, 1991.

Township Police Department and members of the public. . . ."[14]  He asserts that until then, he was "unaware of the [d]efendants' direct responsibility" for the violation of his rights and his "ability to sue the [defendants] for compensation. . . ."[15]

Lack of knowledge or appreciation of the legal implications of the claim does not toll the statute.  *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."); *Hall v. City of Phila.*, 828 F. Supp. 365, 368 (E.D. Pa. 1993) ("where, as here, plaintiff is aware of all the operative facts of his injury, the statute will not be tolled simply because he is unaware of the legal ramifications of his situation") (citation omitted); *see also Nat'l Ass'n of Mfrs. v. NLRB*, 717 F.3d 947, 963 (D.C. Cir. 2013) ("[C]ourts do not generally recognize lack of knowledge of the law as a basis for equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("[L]ack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")

Kreider also asserts that he "suffers from sever [sic] mental defects."[16]  However, unlike in the case of a plaintiff's minority, the Pennsylvania statute of limitations contains no provision that permits mental incompetency as a ground for tolling.  42 Pa. Cons. Stat. Ann. § 5524.  Indeed, it is well-established, under Pennsylvania law, that insanity, including mental incompetency, does not toll the running of the statute of limitations.

---

[14] Pl.'s Objection/Reply to Defs.' Mot. to Dismiss Pl.'s Compl. (Doc. No. 13), Ex. A.

[15] *Id.*

[16] Pl.'s Objection/Reply to Defs.' Mot. to Dismiss Pl.'s Compl. at 4.

*Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Baily v. Lewis*, 763 F. Supp. 802, 808 (E.D. Pa. 1991) ("[C]ourts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent."). Accordingly, Kreider's alleged diminished mental capacity does not excuse his failure to file this action within the statute of limitations.[17]

Because the statute of limitations bars Kreider's action, we shall grant the defendants' motion and dismiss the complaint.

---

[17] Even if we assumed supplemental jurisdiction over the state law claim, it too would be barred. *See Burger v. Blair Med. Assocs., Inc.*, 964 A.2d 374, 381 (Pa. 2009) (holding that a breach of physician-patient confidentiality is governed by § 5524(7)'s two-year, default limitations period).